13-3059-cv
*Watrous v. Preston*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
          RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

_____

THERESE M. HARDING, AS EXECUTRIX OF
THE ESTATE OF KENNETH H. WATROUS,

                    *Plaintiff-Appellee*,


          -v.-                                    No. 13-3059-cv


KENT D. BORNER, JOHN A. MOULSON,
ROBERT M. CONGDON,

                    *Defendants-Appellants*,

TOWN OF PRESTON, TOWN OF PRESTON
INLAND WETLANDS COMMISSION,
LEONARD JOHNSON,

         *Defendants.*

FOR APPELLANTS:     THOMAS R. GERARDE (Emily E. Cosentino, *on the brief*), Howd & Ludorf, LLC, Hartford, CT.

FOR APPELLEE:       EDWARD E. MOUKAWSHER, Groton, CT.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED**.

Defendants-Appellants appeal from a February 16, 2011 order concluding

that the Preston Inland Wetlands and Watercourses Commission ("IWWC")

lacked jurisdiction over Plaintiff-Appellee's property and granting Plaintiff-

Appellee's motion for partial summary judgment on that issue; from a March 25,

2013 judgment entered against Defendants-Appellants following a jury trial; and

from a July 23, 2013 order and a July 25, 2013 judgment denying Defendants-

Appellants' renewed motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. [1]

We review orders granting summary judgment de novo and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d. Cir. 2003). "A district court may set aside a jury's verdict pursuant to Rule 50 only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 127–28 (2d Cir. 2012) (internal quotation marks omitted).

Although we conclude that the IWWC lacked jurisdiction over Watrous's property and affirm the district court's order granting partial summary judgment on that issue, we recognize that the scope of the IWWC's jurisdiction is a difficult question. Were the Appellants' improper exercise of jurisdiction the only basis

---

[1] *Watrous v. Town of Preston*, No. 3:10–CV–597 (JCH), 2011 WL 674028 (D. Conn. Feb. 16, 2011); *Watrous v. Borner*, No. 3:10–CV–597 (JCH), 2013 WL 3818591 (D. Conn. July 23, 2013).

for Watrous's claim, Appellants might be entitled to qualified immunity on the ground that the right violated was not "clearly established." In this case, however, evidence of Appellants' other conduct with regard to Watrous's property was more than sufficient to support both the district court's conclusion that Appellants were not entitled to qualified immunity and the jury's verdict in favor of Watrous.

We have considered all of Appellants' arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk